UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERESA THORNTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SAINT LOUIS UNIVERSITY, | ) Case No. _____ |
| and | ) ) |
| STANDARD INSURANCE COMPANY, | ) ) |
| Defendants. | ) ) ) |

## NOTICE OF REMOVAL

**TO: THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI**

Under 28 U.S.C. §§ 1441 and 1446, Defendant Standard Insurance Company ("Standard"), with the consent of Defendant Saint Louis University ("SLU"), removes this action from the Circuit Court of St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri, and in support thereof state as follows:

**I.    INTRODUCTION.**

This lawsuit arises out of Plaintiff Theresa Thornton ("Thornton")'s claimed entitlement to long term disability ("LTD") benefits. Thornton alleges that, by virtue of her employment at SLU, she participated in a group LTD plan that was insured, at least in part, by a Group Long Term Disability Policy ("Group Policy") issued to SLU by Standard. (Petition, ¶¶ 4-7; *see also* **Exhibit A**, Group Total Disability Benefits Policy.[1]) Under the Group Policy, Standard was responsible

---

[1] The Group Policy was originally issued to SLU by Teachers Insurance Annuity Association of America ("TIAA"). In approximately 2002, Standard purchased certain group disability businesses from TIAA and assumed TIAA's obligations under the Group Policy, including the determination of long term disability claims and the payment of benefits to eligible participants.

for administering the Group Policy, deciding LTD appeals or disputes, and paying monthly benefits. (*Id*., ¶¶ 7, 20; Exhibit A.) SLU is not responsible for adjudicating claims or paying LTD benefits under the Group Policy. (*See* Exhibit A.) Thornton's LTD benefits under the Group Policy terminated in 2019. (*Id*., ¶ 12.) Thornton alleges that the termination decision was wrong and asserts breach of contract claims against both Standard and SLU. (*Id*., ¶¶ 14-23.) Plaintiff does not reasonably allege that she had a contract with SLU, that SLU was involved in the claim decision, or that SLU had an obligation to make LTD payments under the Group Policy. (*See generally*, Petition and Exhibit A.)

This action is being removed to federal court based upon the following alternative federal jurisdictional bases: diversity of citizenship under 28 U.S.C. § 1332; federal question jurisdiction under 28 U.S.C. § 1331 and under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. (hereafter "ERISA"); and supplemental jurisdiction under 28 U.S.C. § 1367.

II.   **THE COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332.**

    a.   **There is diversity of citizenship.**

        1.   **Plaintiff is a citizen of Missouri.**

Thornton alleges that she is a resident and citizen of Missouri. (Petition, ¶ 1.)

        2.   **Defendant Standard is a citizen of Oregon.**

Standard is a citizen of Oregon. Standard is an Oregon corporation with its principal place of business located in Oregon. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business).

2

Plaintiff alleges that Standard is an Oregon corporation (Petition, ¶ 3); *see also* Standard's corporate Disclosure Statement, filed herewith.

### 3. Defendant SLU's citizenship should be disregarded because it was fraudulently joined.

SLU's citizenship should be disregarded when considering diversity because SLU is a "sham defendant," whose inclusion in this case amounts to a fraudulent joinder, which cannot defeat diversity. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

SLU should not be considered in the Court's diversity analysis because Thornton's alleged breach of contract claim against SLU does not state a claim under Missouri law. The essential elements of a breach-of-contract action are: (1) a contract between the plaintiff and the defendant exists; (2) the plaintiff had rights and the defendant had obligations under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages. *See Guidry v. Charter Commc'ns, Inc.*, 269 S.W.3d 520, 527 (Mo. App. 2008); *Moore v. Armed Forces Bank, N.A.*, 534 S.W.3d 323, 327 (Mo. App. 2017). Here, Thornton cannot establish (and did not plead) first and third elements – the existence of a contract between Thornton and SLU and breach of the contract by SLU.

Thornton's claims are specifically governed by the Group Policy, which provides that Standard – and not SLU – is responsible for adjudicating and administering LTD claims and issuing disability payments to eligible participants. (*Id*., pg. III.3.) There is no reasonable basis to claim that SLU had a contract with Plaintiff to pay disability benefits or that SLU breached the Group Policy, and SLU's citizenship should be disregarded when determining diversity of citizenship.

3

### b. The amount in controversy exceeds $75,000.

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "In this Circuit, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011). A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000 and does not need to provide evidence supporting that allegation." *Dart Cherokee Basin Operating Co., L.L.C., v. Owens*, 574 U.S. 81, 89 (2014).

In terms of LTD benefits, Thornton's net monthly benefit under the Group Policy is approximately $1,556.15. Standard's terminated LTD benefits effective June 30, 2019, and the current amount of allegedly past-due benefits is approximately $104,832.64. Thornton also seeks attorneys' fees in an undisclosed amount, which could further increase the amount in controversy. Based on the face of Thornton's Petition, the amount sought and put at issue in this case exceeds the statutory minimum of $75,000. *See* U.S.C. § 1446(c)(2).

### III. THIS COURT HAS FEDERAL QUESTION JURISDICTION.

This Court has federal question jurisdiction over the action because Thornton, as a participant in an ERISA-governed employee welfare benefit plan ("Plan"), seeks recovery of LTD benefits and other relief under said employee welfare benefit plan. Thornton's state court Petition alleges that Defendants violated the terms of the Plan and Group Policy because Standard terminated her LTD payments in 2019. Thornton's claims as alleged are controlled by ERISA:

    a.    Plaintiff crafted her pleading based upon state causes of action, claims and/or theories of recovery;

    b.    In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those

4

        asserted by Plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. § 1132, provides Plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiff's case, however pleaded, exclusively a federal question case removable to this Court;

    c.    At all times relevant hereto, SLU established, sponsored, and/or maintained the Plan, and Plaintiff alleges she was covered under said employee welfare benefit plan, and, as such, was a participant and/or beneficiary under said employee welfare benefit plan. (Petition at ¶¶4-5; 7.)

    d.    The Plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. § 1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan...";

    e.    The Plan was established and is maintained for the purpose of providing, among other things, long term disability benefits for participants in the Plan;

    f.    The Plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

    g.    Plaintiff's claim is one for recovery of benefits and other relief under said Plan; and

    h.    Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

In addition and alternatively, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

This action is therefore one of which the United States District Court for the Eastern District of Missouri has original federal question jurisdiction under 28 U.S.C. §1331 and §1441(b), as well as 29 U.S.C. §1132, diversity of citizenship jurisdiction under 28 U.S.C. §1332 and §1441(a), and/or supplemental jurisdiction under 28 U.S.C. §1367 and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §1441(a) and (b). The Circuit Court for the of

5

City of St. Louis is within the venue of the United States District Court for the Eastern District of Missouri.

**IV.     Removal is Timely.**

Plaintiff served Standard via process server on January 23, 2025. As this Notice is being filed within thirty days, removal is timely. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**V.      Miscellaneous.**

1.      There are attached to this notice, marked Exhibit "B" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendants' counsel in this action.

2.      Defendants have filed a copy of this Notice in the Circuit Court of the City of St. Louis, Missouri.

3.      On the same date as this Notice of Removal was signed, Defendants served by U.S. Mail and e-mail a copy of this Notice of Removal upon Plaintiff's counsel at the addresses set forth in the Petition.

4.      If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument on support of its position that this cause is removable.

5.      Defendant SLU consents to the removal of this action to this Court.

WHEREFORE, Defendant Standard notifies this Court of the removal of this action from the Circuit Court for the City of St. Louis to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: *s/ Cristin J. Mack*
Cristin J. Mack, 61270MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Ph.: 314-802-3935
Fax: 314-802-3960
cristin.mack@ogletree.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *NOTICE OF REMOVAL* was filed electronically on February 20, 2025 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows and by U.S. Mail:

Ted F. Frapolli
2458 Old Dorsett Road, Ste. 230
St. Louis, MO 63043
ted@tffrappolilaw.com

*s/ Cristin J. Mack*
Cristin J. Mack
